IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRINGTON W. KERSHNER, IV<br>271 Arlyne Ave.<br>Montoursville, PA 17754 | : <br> : <br> : <br> : | **CIVIL ACTION** |
| Plaintiff, | : <br> : | No.: |
| v. | : <br> : | **JURY TRIAL DEMANDED** |
| SPENCER GIFTS, LLC<br>6826 Black Horse Pike<br>Egg Harbor Twp<br>New Jersey, 08234 | : <br> : <br> : <br> : <br> : | |
| Defendant. | : <br> : | |

**CIVIL ACTION COMPLAINT**

Plaintiff, Harrington W. Kershner, IV (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff has initiated this action to redress violations by Defendant of the Fair Labor Standards Act ("FLSA - 29 U.S.C. § 201 *et. seq*.) and the Pennsylvania Minimum Wage Act ("PMWA" - 43 P.S. §§ 333.101—333.115). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### II. Jurisdiction and Venue

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights under the FLSA. This Court may also assert supplemental jurisdiction over Plaintiff's state law claims, as they arise out of the same nucleus of operative facts as his federal law claims.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.     Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual with an address as set forth above.

7. Defendant Spencer Gifts, LLC (*hereinafter* "Defendant") is a company that owns and operates retail apparel stores throughout the United States, including the location at which Plaintiff worked in Pennsdale, Pennsylvania.

8. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

### IV.     Factual Background

9. The foregoing paragraphs are incorporated herein as if set forth in full.

10. Plaintiff was employed with Defendant at one of its retail locations, specifically located at 300 Lycoming Mall Cir., Pennsdale, PA 17756.

11. Plaintiff was hired to work for Defendant on or about June 19, 2017.

12. At all times during Plaintiff's employment with Defendant, Plaintiff's title was "Store Manager."

13. Throughout the course of his employment with Defendant, Plaintiff always worked over 40 hour per week (sometimes upwards of 50 hours per week).

14. During his tenure with Defendant, Plaintiff was always paid on a salary basis regardless of how many hours he worked.

15. At the time of his separation from Defendant (on or about September 21, 2020), Plaintiff was being paid a salary of $684.00 per week.

16. Even though Plaintiff's title was "Store Manager" and he was paid on a salary basis, he was always a non-exempt employee who should have been paid overtime compensation for all hours he worked over 40 hours in one week.[1]

17. Plaintiff's job title was not reflective of the work he performed daily, weekly or routinely.[2]

18. In fact, during the course of his employment with Defendant:

  i. Plaintiff did not make decisions concerning matters related to operating the store/business, such as (1) entering into binding contracts: (2) advertising matters: (3) altering store hours; (4) changing the store's layout; (5) ordering inventory; and/or (6) or other fiscal matters;

  ii. Plaintiff had no discretion over schedules for employees in his store. Plaintiff was not only required to operate within the payroll budget when making schedules, but was also required to get all schedules approved by

---

[1] To not be entitled to overtime as a manager, an employee must meet the "executive exemption," which mandates that the manager perform the "primary duty" of management.  *See* 29 C.F.R. 541.100.

[2] *See* 29 C.F.R. 541.2 (explaining job title is not reflective of overtime exemption applicability).

       the District Manager ("DM") – who had the authority to alter the schedules as he/she deemed necessary. In addition, Plaintiff was not permitted to assign any overtime to the employees within his store without approval from the DM;

  iii.  Plaintiff did not make decisions regarding the hiring, firing, or discipline of employees. All final hiring, firing, and disciplinary decisions were required to be made by the DM and/or Defendant's Human Resources department;

  iv.  Plaintiff had no authority to do any of the following for employees within his store location: (1) set pay rates; (2) promote; or (3) give pay raises; and

  v.  Plaintiff spent a very small percentage of his job directing employees within his location and instead spent most of his time performing non-managerial duties, such as (1) working the cash register; (2) stocking; (3) making sales; (4) cleaning the store – which included cleaning the bathroom, sweeping, and sanitizing; and (5) processing shipments.

19. In addition to the foregoing (which clearly shows that Plaintiff was a non-exempt employee throughout the course of his tenure with Defendant), Plaintiff's store location also had an Assistant Store Manager ("ASM") and a "Third Key" who could perform (and did perform) all the same job duties as Plaintiff.[3] However, the ASM and Third Key for Plaintiff's location were paid an hourly rate and overtime compensation.

20. Based on the foregoing, Plaintiff believes and avers that he was a non-exempt employee who was entitled to time and one half his regular rate of pay for all hours that he

---

[3] The only job duty that Plaintiff performed which the Third Key could not do was the scheduling.

worked beyond 40 hours in one week and that Defendant's actions of failing to pay him overtime compensation were willful and intentional.

21. Defendant has perpetuated an illegal payroll scheme, which has deprived Plaintiff (and likely other "Store Managers" within Defendant) of substantial compensation.

## Count I
### Violations of the Fair Labor Standards Act ("FLSA")
(Failure to Pay Overtime Wages)

22. The foregoing paragraphs are incorporated herein as if set forth in full.

23. At all times relevant herein, Defendant is, and continues to be, an "employer" within the meaning of the FLSA.

24. At all times relevant herein, Plaintiff was an "employee" within the meaning of the FLSA.

25. The FLSA requires covered employers, such as Defendant, to minimally compensate its "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

26. At all times during his employment with Defendant, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

27. Defendant knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

28. Defendant failed to pay Plaintiff 1.5 times Plaintiff's regular rate of pay for each hour that he worked over 40 each workweek.

29. In an effort avoid state and/or federal wage obligations and cheat Plaintiff out of legally entitled earnings, Defendant gave Plaintiff the title of "Store Manager" to make it appear as though Plaintiff fell within the administrative or executive exemption under the FLSA.

30. As a result of Defendant's failure to pay Plaintiff the overtime compensation due him, Defendant violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

31. These actions as aforesaid constitute violations of the FLSA.

### Count II
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
(Failure to Pay Overtime Wages)

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. At all times relevant herein, Defendant is, and continues to be, an "employer" within the meaning of the PMWA.

34. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the PMWA.

35. The PMWA requires covered employers, such as Defendant, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

36. At all times during his employment with Defendant, Plaintiff was a "non-exempt" employee within the meaning of the PMWA.

37. Defendant knew that Plaintiff was a "non-exempt" employee within the meaning of the PMWA.

38.     Defendant failed to (1) pay Plaintiff 1.5 times Plaintiff's regular rate of pay for each hour that he worked over 40 each workweek; and (2) keep proper record of all hours that Plaintiff worked throughout his tenure.

39.     In an effort avoid state and/or federal wage obligations and cheat Plaintiff out of legally entitled earnings, Defendant gave Plaintiff the title of "Store Manager" to make it appear as though Plaintiff fell within the administrative or executive exemption under the PMWA.

40.     As a result of Defendant's failure to pay Plaintiff the overtime compensation due him, Defendant violated the PMWA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

41.     These actions as aforesaid constitute violations of the PMWA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of unlawfully paying employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings and any other owed compensation. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered legal violations at the hands of Defendant until the date of verdict;

C.     Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: April 5, 2021