Exhibit A

# FAIR LABOR STANDARDS ACT SETTLEMENT AND RELEASE AGREEMENT

This Fair Labor Standards Act ("FLSA") Settlement and Release Agreement (the "Agreement") is made by and between Spencer Gifts LLC ("Spencer Gifts" or "Defendant"), and Plaintiff Harrington W. Kershner, IV ("Plaintiff"). Plaintiff and Defendant are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiff and Defendant that resulted in Plaintiff's filing of a lawsuit in the United States District Court for the Eastern District of Pennsylvania (the "Court"), Civil Action No. 4:21-cv-00623-MWB (the "Lawsuit"), in which Plaintiff asserted, *inter alia*, that Defendant failed to pay Plaintiff proper overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA") and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.* ("PMWA"), and other legal requirements. On or about June 4, 2021, the Lawsuit was stayed so the parties can proceed in arbitration, but the parties have not yet commenced an arbitration proceeding;

WHEREAS, Defendant denies all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiff's claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing of any Party, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Defendant, at any time through the date that the last Plaintiff signs this Agreement.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1. **Dismissal of the Lawsuit.** The Parties agree to seek dismissal of the Lawsuit by filing with the Court a joint motion to approve this Agreement and dismiss Plaintiff's claims with prejudice. Plaintiff, through his counsel, will draft a Joint Motion to Approve Settlement, which will be sent to Defendant's counsel by August 9, 2021 for approval.

After payment is made under Section 4 of this Agreement, Plaintiff will authorize his counsel to submit to the Court a Stipulation and Order of Dismissal with Prejudice, and to submit any papers to the Court that are necessary to effectuate the dismissal of the Lawsuit and/or the full release of claims, and enforcement of the Agreement.

This Agreement is contingent on the Court approving the settlement of Plaintiff's FLSA claims and dismissing the Lawsuit with prejudice. In the event that the Court for any reason declines or fails to dismiss the Lawsuit with prejudice as contemplated by this Agreement, this Agreement shall be void. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement;

the Parties shall proceed in all respects as though the Agreement had not been executed; nothing contained in this Agreement shall be used as an admission against either Party; and no Party to this Agreement shall be deemed to have waived or relinquished any rights, privileges, claims, or defenses by having entered into this Agreement.  Notwithstanding the foregoing, the Parties may agree in a separate writing to modify or alter this Agreement in order to obtain Court approval and dismissal of the Lawsuit with prejudice.

2. **Release of FLSA Claims.** In exchange for the consideration described in Paragraph 4 of this Agreement, Plaintiff, for himself and his respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Releasors") irrevocably and unconditionally waives, releases, and forever discharges Defendant and its predecessors, successors, all former, current, and future related organizations, companies, divisions, investors, subsidiaries, affiliates, insurers, and parents, and, collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and trustees (collectively, the "Released Parties"), from any and all claims each Releasor may have against any of the Released Parties up to and including the effective date of this Agreement, whether known or unknown, pursuant to the FLSA, in particular claims for payment of minimum wage and overtime compensation arising under the FLSA along with any claims derivative of such claims including for contributions to pension, welfare and stock plans or related to taxes, unpaid costs, penalties (such as late payment penalties), liquidated damages, punitive damages, compensatory damages, interest, attorneys' fees, litigation costs, or restitution.

3. **No Admission of Liability.** This Agreement is entered into in compromise of disputed claims. The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration described herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Defendant. Plaintiff further acknowledges that Defendant denies all allegations of wrongdoing.  The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

4. **Consideration.**  Provided Plaintiff signs this Agreement and complies with the terms and conditions herein, Defendant shall pay a total Nine Thousand Dollars and Zero Cents ($9,000.00) ("Settlement Payment"), which shall be allocated and paid as follows:

   a. Five Thousand One Hundred Fifty Dollars and Ninety-Seven Cents ($5,150.97), less all lawful deductions, made payable to Plaintiff, representing alleged unpaid wages, for which an IRS Form W-2 will be issued to Plaintiff.

   b. Three Thousand Four Hundred Thirty-Three Dollars and Ninety-Eight Cents ($3,433.98) made payable to Plaintiff's counsel of record, Karpf, Karpf & Cerutti, P.C., representing attorneys' fees and costs.  An IRS Form 1099 for this amount will be issued to both Karpf, Karpf & Cerutti, P.C. and Plaintiff.

The Settlement Payment shall be paid within thirty (30) days after counsel for Defendant receives a copy of this Agreement executed by Plaintiff and an IRS Form W-9 executed by Plaintiff's attorney of record, Karpf, Karpf & Cerutti, P.C., as well as an IRS Form W-4 executed

by Plaintiff, and only after the Court has approved the settlement and entered an Order of dismissal with prejudice.

The Settlement Payment is to and for the benefit of Plaintiff and represents the entire amount to be paid and/or provided by Defendant. Defendant shall have no further liability to Plaintiff, including, but not limited to, any claims or payments for wages, damages, attorneys' fees, costs, disbursements, or otherwise.

Plaintiff agrees to indemnify and hold Defendant harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of Plaintiff's failure to pay taxes on any amount received pursuant to an IRS Form 1099 for which that individual is responsible. Defendant does not make any warranty or representation to Plaintiff regarding the tax consequences of any payments.

5. **Other Affirmations by Plaintiff.** Plaintiff also agrees and affirms that he is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; that the Agreement is fair and reasonable; that Plaintiff has consulted with Karpf, Karpf & Cerutti, P.C. prior to signing this Agreement; that he has been given a reasonable amount of time to consider this Agreement; and that, absent this Agreement, Plaintiff would not otherwise be entitled to the consideration specified in Paragraph 4 of this Agreement.

6. **Neutral Reference**. Upon receipt of any inquiry from a third party for a reference regarding Plaintiff's former employment with Defendant, a designated representative of Defendant's Human Resources Dept. shall provide said third party only with Plaintiff's job title and dates of employment.

7. **Miscellaneous.**

(a) **No Waiver by Inaction.** The failure of any Party to insist upon strict adherence to any term of this Agreement shall not be considered a waiver as to that term or any other term in the Agreement.

(b) **Continuing Jurisdiction.** Nothing in this Agreement is intended to limit the Court's authority to retain continuing jurisdiction over the Parties to administer and enforce the terms of this Agreement.

(c) **Construction.** The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, any rule of construction that any ambiguity or uncertainty in a writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

(d) **Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of Pennsylvania regardless of whether any party is, or may hereafter be, a resident of another state.

(e) **Extension of Time.** The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement.

(f) **Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the Parties to all of the counterparts had signed the same instrument. This Agreement may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (e.g., via DocuSign), and may be delivered by electronic means. E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

(g) **Modifications.** With the exception of extensions of time as described in Subsection (e) of this Paragraph 6, no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by the person or entity against whom enforcement is sought.

(h) **Severability.** The Parties agree that if any phrase, clause, or provision of this Agreement, other than Paragraph 2, is declared illegal, invalid, or unenforceable by a court of competent jurisdiction after this Agreement takes effect, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision of this Agreement, other than Paragraph 2, is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction after this Agreement takes effect, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If the release set forth in Paragraph 2 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part after this Agreement takes effect, then this Agreement shall be voidable in its entirety at Defendant's option, in which case Plaintiff shall return the consideration received.

**WHEREFORE, the Parties have executed this Agreement on the date shown below.**

AGREED AND ACKNOWLEDGED:

_____
Harrington W. Kershner, IV

8/5/2021
Date

**Spencer Gifts LLC**

_____
By: Kevin W. Mahoney
Title: SVP & General Counsel

08/06/21
Date

4